**SULAIMAN LAW GROUP, LTD**
Alexander J. Taylor (State Bar No. 332334 )
2500 S. Highland Avenue
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT S. TAYLOR, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ACCESS FINANCE, INC.,<br><br>Defendant. | Case No. 3:26-cv-02773<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT, 15 U.S.C. § 1691 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

NOW comes ROBERT S. TAYLOR ("Plaintiff"), as an individual and on behalf of all others similarly situated, by and through the undersigned, complaining as to the conduct of ACCESS FINANCE, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages on behalf of himself and numerous other individuals pursuant to the Equal Credit Opportunity Act ("ECOA"), under 15 U.S.C. § 1691 *et seq.*

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the ECOA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1691, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of California.

## PARTIES

4. Plaintiff is a consumer and a natural person over-the-age of 18 residing in New London, Connecticut.

5. Defendant is an online lender and provider of consumer credit products to consumers across the country. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 2 Embarcadero Center, Floor 8, San Francisco, California 94111.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Around February or March of 2026, Plaintiff applied for a line of credit through Defendant.

8. On or around March 11, 2026, Plaintiff received an email from Defendant denying Plaintiff's application for credit ("adverse action letter").

9. Defendant's adverse action letter stated, in pertinent part, that Plaintiff's application was denied "because you do not meet the minimum requirements for this product for the following reason(s): Low account balance."

10. This was the only reason or justification provided to Plaintiff for the denial of credit.

11. Defendant's adverse action letter failed to provide the *specific* reasons for the denial and similarly precluded Plaintiff from being able to intelligently respond to the adverse action or otherwise correct the identified deficiencies.

12. Plaintiff was left guessing as to what "low account balance" meant in relation to the denial of credit and what balance was too low to support the applied-for credit.

13. Defendant's failure to provide Plaintiff with the specific reasons for the credit denial deprived Plaintiff of the opportunity to address or correct the issues on which Defendant based its denial, in turn precluding Plaintiff's ability to correct the alleged deficiency that led to the credit denial.

14. Upon information and belief, Defendant routinely and systematically deprives consumers of information they are otherwise statutorily-entitled to under the ECOA.

## Class Action Allegations

15. Plaintiff brings this action on his own behalf and as a class action against Defendant on behalf of the following class ("Class"):

> All individuals within the United States (1) that received an adverse action letter from Defendant; (2) in the last five years; (3) in which the stated basis for the adverse action was "Low account balance."

16. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

17. Upon information and belief, the Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

18. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the ECOA, particularly because they are based on a common course of conduct by Defendant.

19. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interests that are antagonistic to the interests of the Class members.

20. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation, in particular those involve consumer protection statutes.

21. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant

violated the ECOA through its adverse action letter, and (ii) the type and amount of relief to which Plaintiff and putative Class members are entitled.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

## COUNT I – VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

23. Plaintiff repeats and alleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is an "applicant" as defined by 15 U.S.C. § 1691a(b) because he applied to a creditor directly for an extension of credit.

25. Defendant is a "creditor" as defined by 15 U.S.C. § 1691a(e) as it regularly arranges for the extension, renewal, or continuation of credit.

26. The aforementioned credit denial is an "adverse action" as that defined by 15 U.S.C. § 1691(d)(6).

27. The ECOA, pursuant to 15 U.S.C. § 1691(d) provides:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> > (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken.

28.15 U.S.C. § 1691(d)(3) provides that "a statement of reasons [for adverse action] meets the requirements of this section only if it contains the ***specific*** reasons for the adverse action taken. 15 U.S.C. §1691(d)(3) (emphasis added)

29.Defendant violated § 1691(d)(3) of the ECOA by failing to provide Plaintiff and the Class with adverse action notices detailing the *specific* reasons for the credit denial.

30.The statement "low account balance" is generally unintelligible, fails to clarify what account balance(s) were too low, and provides no information from which a reasonable consumer could seek to remedy the reason for which they were denied credit.

31.Accordingly, Plaintiff was unable to address or correct the alleged deficiencies on which Defendant based its denial.

32.As set forth above, Plaintiff suffered damages and the deprivation of statutorily required information with downstream negative consequences, as the deprivation of information to which Plaintiff was statutorily entitled precluded Plaintiff from being able to correct the issues and otherwise attempt to qualify for the credit he was seeking when applying through Defendant.

WHEREFORE, Plaintiff, ROBERT S. TAYLOR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Awarding actual damages to Plaintiff and the Class to be determined by the jury;

d. Awarding statutory damages to Plaintiff and the Class in the amount of $500,000 or 1% of Defendant's net worth, whichever is less;

e. Awarding Plaintiff and the Class their reasonable attorney's fees and costs; and,

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Date: March 31, 2026

Respectfully submitted.

By: *<u>/s/ Alexander J. Taylor</u>*
Alexander J. Taylor (Bar No. 332334)
**SULAIMAN LAW GROUP, LTD**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Email: ataylor@sulaimanlaw.com
*Attorney for Plaintiff*